UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X   ECF Case

BURLINGTON PACKAGING, INC.,                                         Civ. No. 08 CIV 1515

                     Plaintiff,                           **ANSWER AND COUNTERCLAIMS**

        - against -
                                                                    Jury Trial Demanded
EXTRA PACKAGING, INC.,

                     Defendant.

----------------------------------------------------------------X

        Defendant EXTRA PACKAGING, CORP. s/h/a EXTRA PACKAGING, INC. by its attorneys Saretsky Katz Dranoff & Glass, L.L.P. as for its Answer to the Complaint states upon information and belief:

        1.     Denies the allegations contained in paragraph "1" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that by this action Burlington seeks to recover damages it has suffered as the result of Extra's breach of two joint venture agreements entered between Burlington and Extra, and that Burlington and Extra are in the business of designing, manufacturing and selling highly specialized shipping and packaging products.

        2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint.

        3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

        4.     Denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "4" of the Complaint.

    5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint, except admits Extra Packaging Corp is a Florida corporation with its place of business at 631 Golden Harbour Drive, Boca Raton, Florida.

    6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

    7.    Denies the allegations contained in paragraph "7" of the Complaint, except admits statement from Extra's website is accurately quoted.

    8.    Denies the allegations contained in paragraph "8" of the Complaint.

    9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint, and respectfully refers to the Exhibit "A" for its content.

    10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint and respectfully refers to the Exhibit "B" for its content.

    11.    Denies the allegations contained in paragraph "11" of the Complaint.

    12.    Denies the allegations contained in paragraph "12" of the Complaint.

    13.    Denies the allegations contained in paragraph "13" of the Complaint.

    14.    Denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "14" of the Complaint.

15. Denies the allegations contained in paragraph "15" of the Complaint.

16. Denies the allegations contained in paragraph "16" of the Complaint.

17. Denies the allegations contained in paragraph "17" of the Complaint.

## ANSWER TO THE FIRST CLAIM FOR RELIEF

18. Repeats and reiterates all the foregoing answers to the Complaint's allegations as if fully set forth herein.

19. Denies the allegations contained in paragraph "19" of the Complaint.

20. Denies the allegations contained in paragraph "20" of the Complaint.

21. Denies the allegations contained in paragraph "21" of the Complaint.

## ANSWER TO THE SECOND CLAIM FOR RELIEF

22. Repeats and reiterates all the foregoing answers to the Complaint's allegations as if fully set forth herein.

23. Denies the allegations contained in paragraph "23" of the Complaint.

24. Denies the allegations contained in paragraph "24" of the Complaint.

## ANSWER TO THE THIRD CLAIM FOR RELIEF

25. Repeats and reiterates all the foregoing answers to the Complaint's allegations as if fully set forth herein.

26. Denies the allegations contained in paragraph "26" of the Complaint.

27. Denies the allegations contained in paragraph "27" of the Complaint.

28. Denies the allegations contained in paragraph "28" of the Complaint.

28(a). Denies all allegations not expressly admitted.

## AS AND FOR A FIRST COUNTERCLAIM

29. Plaintiff owes defendant $93,000.00 for material purchased by plaintiff and shipped to plaintiff and/or customers.

30. Despite due demand for payment, plaintiff has refused to make payment.

31. By reason of the foregoing, defendant has been damaged in a sum to be determined by a trier of fact but not less than $93,000.00.

## AS AND FOR A SECOND COUNTERCLAIM

32. In the event it is determined that any of the agreements alleged in the complaint are joint ventures or partnerships, then plaintiff will be obligated to pay one half of all losses incurred during the existence, and as a result of, the alleged joint ventures and/or partnerships.

33. By reason of the foregoing, defendant is entitled to a sum to be

determined by the trier of fact.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred in whole or in part by the statute of frauds.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred in whole or in part by frustration of purpose.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred in whole or in part by mutual mistake.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred in whole or in part by accord and satisfaction.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred in whole or in part by waiver.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

39. Plaintiff's claims are barred in whole or in part by estoppel.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred in whole or in part by indefiniteness.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims fail to state a cause of action.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred in whole or in part by setoffs of amounts owed by plaintiff to defendant.

## NOTICE OF DEMAND FOR JURY TRIAL

Defendant demands a jury trial pursuant to F.R.C.P. 38(b).

WHEREFORE, defendant EXTRA PACKAGING, CORP. s/h/a EXTRA PACKAGING, INC. demands:

    (a) judgment dismissing the Complaint;

    (b) judgment in favor of defendant on the counterclaims;

    (c) together with the costs and disbursements of this action.

Dated: New York, New York
       May 14, 2008

    Respectfully submitted,

    SARETSKY KATZ DRANOFF & GLASS, L.L.P.
    Attorneys for Defendant

    By: _____
        Eric Dranoff (ED-7892)

    Office & P.O. Address:
    475 Park Avenue South
    New York, New York 10016
    (212) 973-9797

To:
Rottenberg Lipman Rich, P.C.
Attorneys for Plaintiff
369 Lexington Avenue, 16th floor
New York, New York 10017
(212) 661-3080

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

BURLINGTON PACKAGING, INC.,                         Civ. No. 08 CIV 1515

                Plaintiff,

- against -

EXTRA PACKAGING, INC.,

                Defendant.
-----------------------------------------------------------------------X

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK    } SS.:
COUNTY OF NEW YORK }

        Ellie Brinson being duly sworn deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Bergen County, New Jersey; that on May 14, 2008 deponent, on behalf of defendant EXTRA PACKAGING, INC., served one copy each of each of the within **Answer And Counterclaims**, upon:

Rottenberg Lipman Rich, P.C.
Attorneys for Plaintiff BURLINGTON PACKAGING, INC.,
369 Lexington Avenue, 16th floor
New York, New York  10017

at the addresses designated for that purpose depositing same enclosed in postpaid properly addressed wrappers in an official depository under the exclusive care of the United States Post Office in the State of New York.

                                                                                          Ellie Brinson

Sworn to before me May 14, 2008

_____
Notary Public

                                          ROBERT B. WEISSMAN, ESQ.
                                             NOTARY    PUBLIC
                                          COMMISSION EXPIRES 3/9/10
                                              WESTCHESTER COUNTY
                                        REGISTRATION NO 02WE6003917