ROTTENBERG LIPMAN RICH, P.C.
369 LEXINGTON AVENUE
SIXTEENTH FLOOR
NEW YORK, NEW YORK 10017
TELEPHONE (212) 661-3080
TELECOPIER (212) 867-1914

NEW JERSEY OFFICE
PARK 80 WEST, PLAZA ONE
SADDLE BROOK, NEW JERSEY 07663
TELEPHONE (201) 490-2022
TELECOPIER (201) 490-2040

WWW.RLRPCLAW.COM

THOMAS E. CHASE
MEMBER
TCHASE@RLRPCLAW.COM

August 26, 2008

**BY ECF**

Magistrate James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  Burlington Packaging, Inc. v. Extra Packaging, Inc.
            Index No.: 08 Civ. 1515 (CBA)(JO)

Dear Magistrate Orenstein,

      My firm represents Plaintiff in the above-captioned action and I request an immediate conference with Your Honor to address Defendant's improper demand that Plaintiff pay Defendant's copying costs prior to Defendant's production of documents responsive to Plaintiff's June 18, 2008 Request for Production. Defendant is more than five weeks late in producing responsive documents and yesterday, for the first time, improperly demanded that Plaintiff pay more than $500 for copying of what is represented to be about 3,000 pages of documents. Prior to yesterday, Defendant never notified Plaintiff of Defendant's refusal to bear the burden of costs in this litigation, never indicated that replying to the Document Requests was burdensome and never consulted Plaintiff on the method of copying so as to minimize expense of production. On June 18, 2008 Plaintiff produced responsive documents to Defendant's Request for Production and did not seek or obtain payment for Plaintiff's copying expenses.

      Defendant's after-the-fact demand for payment of litigation costs is improper. See <u>Magnello v. TJX Companies, Inc.</u>, 2007 WL 4105322 (D. Conn 2007):

> Under the Federal Rules of Civil Procedure, "the presumption is that the responding party must bear the expense of complying with discovery requests, but he may invoke the district court's discretion under <u>Rule 26(c)</u> to grant orders protecting him from "undue burden or expense" in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery." <u>Oppenheimer Fund, Inc. v. Sanders,</u> 437 U.S. 340, 358 (1978). Here, defendant did not petition the Court in response to the February 2, 2007 Order, to shift the cost of copying to plaintiff because of "undue burden or expense." It is also undisputed that defendant did not contact plaintiff to provide an opportunity to inspect and mark the relevant documents in advance of copying nearly 34,000 pages. Nor did defendant provide plaintiff with an advance opportunity to select a

ROTTENBERG LIPMAN RICH, P.C.

August 26, 2008
Page 2

      copy service and/or agree to the page rate. The key distinction is that defendant did not petition the Court in advance to determine which party would bear the expense for copying. Instead, defendant requests after-the-fact payment of all copying costs at a rate of .16 per page plus an addition .05 per page for Bates Stamp. Understandably, plaintiff objects. Accordingly, defendant's Motion to Compel Payment of Copying Costs is **DENIED.**

      If Defendant does not immediately produce documents responsive to Plaintiff's Request for Production, Plaintiff will make a motion for sanctions under FRCP 37 (d)(1)(A)(ii) for Defendant's unexcused failure to produce responsive documents.

Very truly yours,

Thomas E. Chase

2147.01