UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BURLINGTON PACKAGING, INC.,                         MEMORANDUM
                              Plaintiff,            AND ORDER
              - against -
EXTRA PACKAGING, INC.,                              08-CV-1515 (JO)
                              Defendant.
-----------------------------------------------------------------X

James Orenstein, Magistrate Judge:

Plaintiff Burlington Products, Inc., the assignee of Burlington Packaging, Inc., (I will use "Burlington" to refer to each interchangeably), has accused defendant Extra Packaging, Inc. ("Extra") of breaching its contractual and fiduciary duties to Burlington. *See* Docket Entry ("DE") 36 (Amended Complaint). Extra now moves to dismiss part of the contract claim as untimely and the fiduciary duty claim in its entirety. *See* DE 48 (motion); DE 49 (corrected motion); Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, I deny the motion with respect to the contract claim and grant it with respect to the claimed breach of fiduciary duty.

I.    Background

I assume the reader's familiarity with the proceedings and summarize them only to the extent pertinent to the instant motion. I deem all of the Amended Complaint's non-conclusory factual allegations to be true and construe them in the light most favorable to Burlington.

In the early 2000s, the parties worked together to develop the Inmark Bag, a specialized pressurized bag for Burlington's principal customer Inmark, Inc. ("Inmark"). After two years of development the parties entered into a "Commission Agreement." As pertinent here, Burlington agreed to give Extra an exclusive right to sell Inmark Bags and promised to grow Extra's business with Inmark; in exchange, Extra agreed to pay Burlington a portion of all sales to Inmark. *See* Am. Compl. ¶¶ 1, 11-14, & Ex. A (copy of Commission Agreement). In June 2005, the parties amended

the Commission Agreement in an attempt to resolve a dispute about commissions. *See id.* ¶ 15 & Ex. B (the "Amended Commission Agreement").

The amendment did not end the parties' disagreements. On April 11, 2008, Burlington filed its initial Complaint in this action. *See* DE 1. Over a year later, the parties entered into, and I approved, an agreement to settle the case on terms that required them to adhere to the Amended Commission Agreement and required Extra to disclose to Burlington certain documents about sales of Inmark Bags. *See* DE 28 (the "Settlement Agreement"). As the parties agreed, this court retained jurisdiction over any disputes arising under either the Settlement Agreement or the Amended Commission Agreement. *See id.* ¶ 13.

On February 7, 2020, Burlington filed an Amended Complaint alleging that from March 11, 2009 through January 21, 2020, Extra has continuously breached its contractual obligations under the Settlement and Amended Commission Agreements as well as its fiduciary duties, thereby causing Burlington to suffer over $1,000,000 in damages. *See* Am. Compl. ¶¶ 25-42. On May 22, 2020, the parties filed the papers supporting and opposing the instant dismissal motion. *See* DE 48 (notice of motion); DE 48-2 (supporting memorandum) ("Memo."); DE 49 (Extra's counsel's corrected supporting affirmation); DE 50-1 (memorandum in opposition) ("Opp."); DE 50-2 (Burlington's counsel's declaration in opposition); DE 48-3 (Extra's counsel's reply affirmation); DE 48-4 (reply memorandum).

II.     Discussion

A.      The Applicable Legal Standard

When reviewing a motion to dismiss for failure to state a claim courts look to "the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (citations omitted); Fed. R. Civ. P. 12(b)(6). The complaint must contain sufficient allegations to "'state a claim to relief

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A plaintiff's failure to file suit within the statute of limitations provides the defendant with an affirmative defense for failure to state a claim on which the defendant has the burden of proof. *See Bano v. Union Carbide Corp.*, 361 F.3d 696, 710 (2d Cir. 2004); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998). Thus, on a motion to dismiss, a claim may only be dismissed as time-barred "if a complaint clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999).

B.     Breach of Contract

Extra invokes New York's six-year limitations period in asking to dismiss as time-barred so much of Burlington's breach of contract claim as seeks damages that accrued before February 6, 2014. *See* Memo. at 5-6; N.Y. C.P.L.R. § 213. Burlington responds by relying on a theory of equitable tolling (or, as New York state courts sometimes call the comparable doctrine, equitable estoppel). *See* Opp. at 4-5; *O'Hara v. Bayliner*, 89 N.Y.2d 636, 646 (1997); *see also Guobadia v. Irowa*, 103 F. Supp. 3d 325, 341 (E.D.N.Y. 2015); *Keselman v. Webber*, 868 N.Y.S.2d 254, 255 (App. Div. 2008). As explained below, I conclude that the Amended Complaint sufficiently alleges a basis for equitable tolling to allow the contract claim to proceed as pleaded.

"A defendant may be estopped from pleading the Statute of Limitations where a plaintiff was induced by fraud, misrepresentation, or deception to refrain from timely commencing an action." *Gleason v. Spota*, 599 N.Y.S.2d 297, 298 (App. Div. 1993) (citing *Simcuski v. Saeli*, 44 N.Y.2d 442, 448 (1978)). "Generally, the issue of whether a defendant should be equitably estopped from asserting the Statute of Limitations as an affirmative defense to the plaintiff's complaint is not a question of law, but rather a question of fact, which should be fully developed and determined upon

3

the trial of the action." *St. John's Univ., New York v. Bolton*, 757 F. Supp. 2d 144, 187 (E.D.N.Y. 2010). Because Burlington explicitly alleges that Extra made affirmative misrepresentations about the commissions it owed – not simply by omitting information about pressure bag sales but also by writing "No Commission" on invoices, *see* Am. Compl. ¶ 31 – Extra's defense that part of the contract claim is time-barred cannot be resolved on a motion for dismissal. I therefore deny that part of Extra's motion.

      C.    <u>Breach of Fiduciary Duty</u>

Extra argues that the Amended Complaint does not plead a viable claim for breach of fiduciary duty. I agree: the pleading does not establish either the existence of a fiduciary relationship or that Extra did anything other than violate its contractual obligations.

The only allegation that arguably supports the existence of a fiduciary relationship is the following:

> The [Amended] Commission Agreement was a joint venture under which Burlington and Extra owed one another fiduciary duties. Burlington and Extra have worked closely together for many years and have developed a close relationship of confidence, trust and dependence constituting a fiduciary relationship.

Am. Compl. ¶ 40.

That allegation is wholly conclusory, and therefore, without more, insufficient to establish a viable claim. Indeed, nothing in the Amended Commission Agreement states or plausibly suggests that the parties have entered into a joint venture – to the contrary, the document is a contract that explicitly defines the boundaries of each contracting party's rights and obligations.

Moreover, the assertion that the parties formed a joint venture is an almost verbatim repetition of the allegation that Burlington included in its original Complaint. By itself, that would not be a problem. But the continuity in the content of that allegation is irreconcilable with the record in this case. If it was ever the case, as Burlington first alleged in 2008, that the parties had "developed a close relationship of confidence, trust and dependence constituting a fiduciary

4

relationship[,]" Complaint ¶ 26 (*see also* Am. Compl. ¶ 40 (same allegation in 2020)), that was manifestly not the case by the time I approved the parties' settlement in June 2009. By that point, Burlington had sued Extra for reneging on its obligation to honestly report and pay commissions and had insisted that the parties' settlement must include documentation provisions as a safeguard against further cheating. Such is not the stuff of either a fiduciary relationship based on confidence, trust and dependence or a joint venture.

Further, Burlington's claim of a fiduciary duty breach rests on the allegation that Extra "fail[ed] properly to account for commissions earned under the [Amended] Commission Agreement." Am. Compl. ¶ 41. As Extra aptly observes, *see* Memo. at 8-9, that fact renders the second claim impermissibly redundant. New York law does not allow the kind of parallel claims Burlington asserts absent an allegation that the defendant breached a fiduciary duty distinct from the contractual obligations that the defendant allegedly breached. *See, e.g.*, *Guard Ins. Grp., Inc. v. Reliable Ins. Servs., LLC*, 2018 WL 3998053, at *3 (E.D.N.Y. Mar. 20, 2018); *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 196 (S.D.N.Y. 2011). I therefore dismiss the second cause of action asserting a breach of fiduciary duty.

III.   Conclusion

For the reasons set forth above, I deny the motion with respect to the contract claim and grant it with respect to the claimed breach of fiduciary duty.

SO ORDERED.

Dated: Brooklyn, New York
          August 25, 2020

                                                    _____/s/_____
                                                    James Orenstein
                                                    U.S. Magistrate Judge